UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-311-KSF

BOBBY G. SMALLEY                                                                                        PLAINTIFF

v.                                        **OPINION & ORDER**

PETE GEREN, in his official
capacity as Secretary of the Army                                                               DEFENDANTS

\* \* \* \* \* \* \* \* \*

Currently before the Court is the motion of the defendant, Pete Geren, in his official capacity as Secretary of the Army (hereinafter, "the Army"), to dismiss, or in the alternative, for summary judgment. This matter is fully briefed and is now ripe for review.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiff, Bobby G. Smalley, is a civilian employee of the Department of the Army ("Army"), and works as a Materials Handler/Forklift Operator in the Surveillance Department at the Blue Grass Army Depot. As a union steward for Local 859, International Association of Mechanics and Aerospace Machinists, Smalley is responsible for making sure management had employees working within their job descriptions and to file grievances if he saw any unfair treatment of employees. In September 2003, Smalley claims he counseled another Army employee, Paul McCarthy, to file a complaint with the EEOC rather than participate in the dispute resolution system authorized by the union's collective bargaining agreement with the Army. This advice was based on McCarthy's comment that he felt like he was being pushed out of his job because of his drinking problem. He believed that McCarthy did not have a basis for a union grievance and told McCarthy

"[I]f you go through EEO and you get help, you'll not lose your job. They will help you." According to Smalley, no other person was present at the time he gave McCarthy this advice, and he and McCarthy were the only ones who knew of this conversation.

Over a year later, in September 2004, McCarthy filed his EEOC complaint. Smalley was not involved in the preparation or filing of this complaint and did not accompany McCarthy to the EEOC office to file the complaint. Although Smalley was listed as a witness on McCarthy's EEOC complaint, he never testified or participated in any investigatory proceedings. Based only on his advice to McCarthy, Smalley claims that the management of the Blue Grass Army Depot retaliated against him continuously since his counseling of McCarthy, and had created an unreasonably hostile work environment. As a result, on August 15, 2006, he filed a formal complaint with the EEOC setting out twelve separate adverse employment actions he alleges were taken against him in violation of his civil rights.

An investigator from the Department of Defense Office of Complaints Investigations conducted a fact finding hearing in February 2006, consisting of two days of sworn testimony by twenty witnesses and over six-hundred pages of exhibits. Although Smalley requested a hearing, that request was denied and the Administrative Judge granted the Army's motion for findings and conclusions without a hearing based on the testimony and affidavits submitted at the fact finding hearing, finding that there was no basis to conclude any discrimination occurred. A Final Agency Decision adopting the Administrative Judge's decision was issued on October 29, 2007. Smalley's appeal was subsequently denied by the EEOC Office of Federal Operations ("EEOC/OFO") on April 10, 2008. Both the Administrative Judge and the EEOC/OFO's opinions concluded that most of Smalley's complaints arose from his union activities, and minor squabbles with his superiors.

Thereafter, on July 11, 2008, Smalley filed this action, alleging discrimination under 42

U.S.C . § 1983 and the Kentucky Revised Statutes [DE #1].  On May 11, this Court dismissed Smalley's § 1983 and state law claims, but allowed Smalley an opportunity to file an amended complaint [DE #17].  Smalley's First Amended Complaint was then filed on May 11, 2009, alleging retaliation under Title VII,  42 U.S.C. § 2000e *et seq*, and the Kentucky Revised Statutes [DE #18].  The Army then filed the instant motion to dismiss, or in the alternative, motion for summary judgment which is currently before the Court [DE #19].

II.     **THE ARMY'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

The Army's motion to dismiss, or in the alternative, motion for summary judgment is based upon several grounds.  The Army first argues that Smalley cannot establish a *prima facie* case of retaliation discrimination under Title VII standards because: (1) the activity that Smalley claims caused the alleged retaliation is not an activity protected by Title VII; (2) the Army did not know that Smalley counseled McCarthy to file an EEOC complaint; (3) the Army did not take any employment action that could be considered materially adverse, or severe or pervasive; and (4) there is no causal connection between Smalley's protected activity and any adverse employment action.  Even if Smalley could establish a *prima facie* case of retaliation under Title VII, the Army argues that he cannot demonstrate that the reason the Army puts forth regarding its actions is false or a pretext for discrimination.  Finally, the Army argues that four of Smalley's claims are untimely.

In support of its motion, the Army has submitted the complete administrative record from the EEOC investigation, which includes numerous documents and a two-day EEO Fact-Finding Conference at which numerous witnesses testified.  The Army contends that based on this administrative record, it is entitled to summary judgment on Smalley's claims.

In response, Smalley notes that due to the early posture of this action, he has not had an

opportunity to conduct any discovery. While the EEOC did investigate his claims, Smalley contends that this does not amount to meaningful discovery because he did not control the investigation and had no discretion as to the witnesses who were called or the questions asked. He argues that there are many factual disputes surrounding his Title VII claims. Thus, he requests that the Court allow him an opportunity to conduct discovery before ruling on the Army's motion pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.

### III.     RULE 56(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

Rule 56(f) states:

> **When Affidavits are Unavailable**. If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: 1) deny the motion; 2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or 3) issue any other just order.

Fed.R.Civ.P. 56(f). According to the Sixth Circuit, "[t]he importance of complying with Rule 56(f) cannot be overemphasized." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). However, despite the clear language of this rule, Smalley's counsel has failed to submit any affidavit setting forth the need for discovery and what material facts he hopes to uncover by additional discovery. Nor does Smalley's response to the Army's motion contain anything other than general and conclusory statements about the need for discovery. *See Plottt v. General Motors Corp.*, 71 F.3d 1190, 1196 (6th Cir. 1995)(allowing a court to rely on a motion in lieu of a affidavit to defer summary judgment pending discovery).

Having carefully reviewed the Army's motion and the EEOC administrative record, the Court finds it unlikely that Smalley will be able to succeed in surviving summary judgment for many reasons. For instance, the conduct on which he bases his claims - advising another employee to file a complaint with the EEOC instead of filing a union grievance - does not appear to fall within the

realm of activity protected by Title VII. Additionally, the administrative record clearly indicates that the Army did not know he had so advised the other employee. Nevertheless, the Court will allow Smalley an opportunity to submit an affidavit complying with the requirements of Rule 56(f). Upon receipt of this affidavit, the Court will consider whether any discovery should be allowed. Failure to file a **timely** affidavit setting forth in particularity why discovery is necessary in light of the voluminous administrative record as well as what material facts Smalley hopes to uncover may result in summary judgment in favor of the Army.

IV.    **CONCLUSION**

For the reasons set forth below, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1)    Smalley shall **FILE** an affidavit in compliance with Rule 56(f) no later than **MONDAY, FEBRUARY 22, 2010**;

(2)    the defendant's motion to dismiss, or in the alternative, motion for summary judgment [DE #19] will be **PASSED** until such time as the Court reviews any affidavit submitted by Smalley; and

(3)    the defendant's motion to seal its Memorandum of Law and Accompanying Exhibits [DE #20] is **GRANTED**, and the Memorandum and exhibits shall remain under seal until further order of the Court.

This February 11, 2010.



**Signed By:**

*Karl S. Forester*   KSF

**United States Senior Judge**