UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-311-KSF

BOBBY G. SMALLEY                                                    PLAINTIFF

v.                                    **OPINION & ORDER**

JOHN McHUGH, in his official
capacity as Secretary of the Army                                  DEFENDANTS

* * * * * * * * *

Currently before the Court is the motion of the defendant, John McHugh, in his official

capacity as Secretary of the Army (hereinafter "the Army"), to dismiss pursuant to Rule 12(b)(6) of

the Federal Rules of Civil Procedure, or in the alternative, for summary judgment pursuant to Rule

56(c) of the Federal Rules of Civil Procedure.  The plaintiff, Bobby G. Smalley, opposes the motion

and seeks an opportunity to conduct discovery pursuant to Rule 56(f) of the Federal Rules of Civil

Procedure.  Although Smalley's counsel originally failed to file an affidavit setting forth the need

for discovery as required by Rule 56(f) and ordered by the Court on February 11, 2010, he has now

filed a motion for leave to file the untimely Rule 56(f) affidavit.  However, even giving full

consideration to the untimely affidavit, the Court finds that discovery is not required and summary

judgment will be entered in favor of the Army.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiff, Bobby G. Smalley, is a civilian employee of the Department of the Army

("Army"), and works as a Materials Handler/Forklift Operator in the Surveillance Department at the

1

Blue Grass Army Depot. As a union steward for Local 859, International Association of Mechanics and Aerospace Machinists, Smalley is responsible for making sure management had employees working within their job descriptions and to file grievances if he saw any unfair treatment of employees. In September 2003, Smalley claims he counseled another Army employee, Paul McCarthy, to file a complaint with the Equal Employment Opportunity Commission ("EEOC") rather than participate in the dispute resolution system authorized by the union's collective bargaining agreement with the Army. This advice was based on McCarthy's comment that he felt like he was being pushed out of his job because of his drinking problem. Smalley believed that McCarthy did not have a basis for a union grievance and told McCarthy "[I]f you go through EEO and you get help, you'll not lose your job. They will help you."

Over one year later, in September 2004, McCarthy filed his EEOC complaint. Smalley was not involved in the preparation or filing of this complaint and did not accompany McCarthy to the EEOC office to file the complaint. Although Smalley was listed as a witness on McCarthy's EEOC complaint, he never testified or participated in any investigatory proceedings. Based only on his advice to McCarthy, Smalley claims that the management of the Blue Grass Army Depot retaliated against him continuously since his counseling of McCarthy, and created an unreasonably hostile work environment. As a result, on August 15, 2006, Smalley filed a formal complaint with the EEOC setting out twelve separate adverse employment actions he alleges were taken against him in violation of his civil rights.

An investigator from the Department of Defense Office of Complaints Investigations conducted a fact finding hearing in February 2006, consisting of two days of sworn testimony by twenty witnesses and over six-hundred pages of exhibits [DE #19]. Although Smalley requested a

2

hearing, that request was denied and the Administrative Judge granted the Army's motion for findings and conclusions without a hearing based on the testimony and affidavits submitted at the fact finding hearing, finding that there was no basis to conclude any discrimination occurred. A Final Agency Decision adopting the Administrative Judge's decision was issued on October 29, 2007. Smalley's appeal was subsequently denied by the EEOC Office of Federal Operations ("EEOC/OFO") on April 10, 2008. Both the Administrative Judge and the EEOC/OFO's opinions concluded that most of Smalley's complaints arose from his union activities, and minor squabbles with his superiors.

Thereafter, on July 11, 2008, Smalley filed this action, alleging discrimination under 42 U.S.C . § 1983 and the Kentucky Revised Statutes [DE #1]. On May 1, 2009, this Court dismissed Smalley's § 1983 and state law claims, but allowed Smalley an opportunity to file an amended complaint. Smalley's First Amended Complaint was then filed on May 11, 2009, alleging retaliation under Title VII, 42 U.S.C. § 2000e *et seq*, and the Kentucky Revised Statutes. The Army then filed the instant motion to dismiss, or in the alternative, motion for summary judgment which is currently before the Court.

## II. THE ARMY'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND SMALLEY'S RESPONSE

The Army's motion to dismiss, or in the alternative, motion for summary judgment is based upon several grounds. The Army first argues that Smalley cannot establish a *prima facie* case of retaliation discrimination under Title VII standards because: (1) the activity that Smalley claims caused the alleged retaliation is not an activity protected by Title VII; (2) the Army did not know that Smalley counseled McCarthy to file an EEOC complaint; (3) the Army did not take any employment

3

action that could be considered materially adverse, or severe or pervasive; and (4) there is no causal connection between Smalley's protected activity and any adverse employment action.  Even if Smalley could establish a *prima facie* case of retaliation under Title VII, the Army argues that he cannot demonstrate that the reason the Army puts forth regarding its actions is false or a pretext for discrimination.  Finally, the Army argues that four of Smalley's claims are untimely.

In response, Smalley argues that there has been no discovery in this matter and thus, the Court should defer ruling until the completion of discovery [DE #25].  However, should the Court entertain the motion on its merits, Smalley contends that he has shown the existence of a hostile work environment and a continuing pattern of adverse employment actions, in retaliation for his advice to his coworker to file an EEOC complaint.

## A.  STANDARDS FOR MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT

When ruling on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must construe the allegations in the complaint in the light most favorable to the plaintiff and accept well-pleaded facts as true.  *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000).  However, in this case, the Army has submitted and the Court has considered the EEOC administrative record.  Therefore, the motion will be treated as a motion for summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure.

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In reviewing a motion for

4

summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts."  *Moore v. Phillip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).  Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment.  *Id.* at 343.  "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Id.* at 249-50 (citations omitted).

The Army has properly supported its motion for summary judgment with relevant sworn testimony and exhibits from the EEOC administrative record.  Smalley has failed to introduce any affirmative evidence to defeat the motion; rather, he requests that the Court defer ruling on the Army's motion until discovery is complete pursuant to Rule 56(f).  However, Smalley failed to include in his response the affidavit required by Rule 56(f) setting forth (1) the nature of discovery needed, (2) how the discovery is expected to establish the existence of a genuine issue of material

5

fact, (3) what efforts have been made to obtain the evidence, and (4) why those efforts were unsuccessful. As a result, the Court, by its Opinion & Order of February 11, 2010, ordered Smalley to file an affidavit no later than February 22, 2010 setting forth in particularity why discovery is necessary in light of the voluminous administrative record as well as what material facts Smalley hopes to uncover in discovery [DE #27]. Smalley failed to file a timely affidavit.

Then, on March 1, 2010, Smalley filed his motion for leave to file his counsel's Rule 56(f) affidavit out of time [DE #28]. According to Smalley's counsel, he did not receive electronic notice of the filing of the Court's February 22, 2010 Opinion & Order, and only learned of the deadline on February 25, 2010, when he received electronic notification that the matter had been submitted to this Court's chambers. While the affidavit is untimely, the Court has nevertheless reviewed the affidavit and will allow it to be filed in the record. According to the affidavit, "[t]he primary aim of discovery in this matter would be to determine what each managerial employee who took actions adverse to Smalley knew, and when he or she knew it" [DE 28-1, ¶7].

## B.    SMALLEY'S TITLE VII CLAIMS

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, forbids retaliation by employers against employees who report workplace race or gender discrimination. Here, Smalley alleges that he counseled McCarthy not to file a union grievance, but rather go straight to the EEOC, and that the Army retaliated against him in violation of Title VII.

Smalley's allegations of retaliation must be evaluated under the familiar framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and *Texas Dept. Of Community Affairs v. Burdine*, 450 U.S. 248, 253-54 (1981). To establish a claim of *prima facie* retaliation, Smalley bears the burden of showing that he: (1) engaged in protected activity under Title VII; (2) the Army

6

had knowledge of the protected activity; (3) thereafter, the Army took an adverse employment action against him; and (4) a causal connection exists between the protected activity and the adverse action. *See Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 996 (6th Cir. 2009); *Abbott v. Crown Motor Co. Inc.*, 348 F.3d 537, 542 (6th Cir. 2003).

After establishing a *prima facie* case, "the burden of production of evidence shifts to the employer to 'articulate some legitimate, nondiscriminatory reason' for its actions." *Canitia v. Yellow Freight Sys.*, 903 F.2d 1064, 1066 (6th Cir. 1990)(quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). "The plaintiff, who bears the burden of persuasion throughout the entire process, then must demonstrate 'that the proffered reason was not the true reason for the employment decision.'" *Id*. (quoting *Tex. Dep't of Cmty Affairs v. Burdine*, 450 U.S. 248, 256 (1981)).

Smalley has failed to establish a *prima facie* case of retaliation. Even assuming that all his allegations are true, and after viewing the facts in the light most favorable to Smalley, he has failed to come forward with any evidence that he engaged in any activity protected by Title VII, and his counsel's Rule 56(f) affidavit does not request any discovery on this issue. Title VII's antiretaliation provision has two clauses, making it "an unlawful employment practice for an employer to discriminate against any of his employees . . . (1) "because he has opposed any practice made an unlawful employment practice by this subchapter," or (2) "because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). The first clause is known as the "opposition clause" and the second as the "participation clause." The burden is on Smalley to show that he engaged in protected activity. *Johnson v. University of Cincinnati*, 215 F.3d 561, 578 (6th Cir. 2000).

The following types of activities have been found to constitute opposition under Title VII: "complaining to anyone (management, unions, other employees, or newspapers) about allegedly unlawful practices; refusing to obey an order because the worker thinks it is unlawful under Title VII; and opposing unlawful acts by persons other than the employer - e.g., former employers, union, and co-workers." *Johnson*, 215 F.3d at 579. In other words, opposition under Title VII "demands active, consistent 'opposing' activities to warrant . . . protection against retaliation." *Bell v. Safety Grooving and Grinding, LP*, 107 Fed. Appx. 607, 610 (6th Cir. 2004). Importantly, however, "the opposed conduct must fairly fall within the protection of Title VII to sustain a claim of unlawful retaliation." *Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988). Smalley's advice to his coworker to file a complaint with the EEOC so he can get help for his drinking problem simply does not amount to the type of "opposition" conduct protected by Title VII.

Nor does Smalley's conduct fall within the ambit of Title VII's participation clause. Under this clause, an activity is protected only when an employee has **participated** in an investigation, hearing, or proceeding. *Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714, 719-20 (6th Cir. 2008). Threats to institute proceedings or internal correspondence with one's employer have been held by the Sixth Circuit as insufficient to invoke Title VII protection. *Booker v. Brown & Williamson Tobacco Co., Inc.*, 879 F.2d 1304, 1313 (6th Cir. 1989). In this case, the EEOC record reveals that while Smalley was listed as a witness on McCarthy's complaint, he never participated in an investigation, hearing or proceeding. According to Smalley, he simply advised his coworker to file a claim with the EEOC, but he did not in any way participate in the filing or investigation of his claim. To the extent that his claim is based on any participation in official union activity, such a claim cannot be addressed under Title VII. There is simply no protection under Title VII for

8

participation in union activities.  For these reasons,  his conduct does not fall within the "participation" clause of Title VII.

Because Smalley did not oppose any unlawful employer practice or participate in any investigation, hearing or proceeding, he cannot satisfy the first element of a *prima facie* case of retaliation.  Accordingly, the Army is entitled to summary judgment on Smalley's Title VII claims.

## III.    SMALLEY'S STATE LAW CLAIMS

Smalley's First Amended Complaint asserts a claim pursuant to KRS 336.130 based on his right to engage in collective bargaining activities.  However, by Order of May 11, 2009, the Court has already dismissed this claim [DE #17].  Accordingly, no state law claims remain.

## IV.    CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1)    Smalley's motion for leave to file the Rule 56(f) affidavit [DE #28] is **GRANTED**, and the tendered affidavit shall be **FILED** in the record; and

(2)    the Army's motion to dismiss, or in the alternative, motion for summary judgment [DE #19] is **GRANTED**, and a judgment in favor of the Army will be entered contemporaneously with this Opinion & Order.

This March 3, 2010.



**Signed By:**

***Karl S. Forester***   $KSF$

**United States Senior Judge**